```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
AKILE FERNANDES, a/k/a Akile         : 12 Civ. 2774 (LBS) (JCF)
Fernandez, a/k/a Julio Cesar         :
Rivas Ramirez,                       :
                                     :
             Petitioner,             :       REPORT AND
                                     :       RECOMMENDATION
     - against -                     :
                                     :
ROBERT T. JOHNSON, District          :
Attorney for Bronx County and ERIC   :
T. SCHNEIDERMAN, Attorney General    :
for the State of New York,           :
                                     :
             Respondents.            :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE LEONARD B. SAND, U.S.D.J.:

Akile Fernandes petitions for a writ of error coram nobis to vacate his 1995 conviction in the Criminal Court for Bronx County for attempted criminal possession of a controlled substance in the third degree, for which he received five years of probation and a fine. In 2003, he was ordered removed from the United States and in 2011, he was charged with illegally entering the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). In this petition, Mr. Fernandes claims that his 1995 conviction, the predicate offense for the pending federal criminal charges, is unconstitutional and should be vacated because his counsel failed to advise him of the potential immigration consequences of his guilty plea. The respondents move to dismiss the petition for lack of jurisdiction and failure to state a claim upon which relief can be granted. For the reasons that follow, I recommend that the motion be granted and the petition be dismissed.

1

Background

In December of 1994, the petitioner and Patricio Brito were charged in Bronx County Criminal Court with two counts of criminal possession of a controlled substance in the third degree in violation of New York Penal Law §§ 220.16(1) and (12), criminal possession of a controlled substance in the seventh degree in violation of New York Penal Law § 220.03, and criminally using drug paraphernalia in the second degree in violation of New York Penal Law § 220.50. (Criminal Complaint dated Dec. 21, 1994, attached as Exh. G to Affirmation of Jorge Guttlein dated April 6, 2012 ("Guttlein Aff."), at 1-2). During the plea hearing, Mr. Fernandes' counsel was not present and Mr. Brito's counsel appeared on behalf of both the petitioner and his co-defendant. (Transcript of Plea Hearing dated April 18, 1995 ("Pl. Tr."), attached as part of Exh. H to Guttlein Aff., at 1-2). Both Mr. Fernandes and Mr. Brito pleaded guilty to attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 110/220.16. (Pl. Tr. at 2-3). Mr. Fernandes was sentenced to five years of probation and a fine. (Transcript of Sentencing Hearing dated May 30, 1995 ("Sent. Tr."), attached as part of Exh. H to Guttlein Aff., at 4). The immigration consequences of his conviction was not discussed at his plea or sentencing hearing. (Guttlein Aff., ¶ 14). Mr. Fernandes did not appeal this conviction. (Guttlein Aff., ¶ 16).

On January 8, 2003, the petitioner was ordered removed from the United States. (Notice and Order of Expedited Removal dated

Jan. 8, 2003 ("Removal Notice"), attached as Exh. 2 to Declaration of Noah J. Chamoy dated Aug. 27, 2012 ("Chamoy Decl.")).  The basis for his removal was that he "procured a visa or other documentation by fraud and [is] seeking to procure an admission into the U.S. by fraud or by willfully misrepresenting a material fact" and "[is] an Immigrant not in possession of a valid, unexpired Immigrant visa and [is] not exempt [from] the presentation of the same."  (Removal Notice).

On March 15, 2011, the petitioner moved to vacate his 1995 conviction in New York State Supreme Court, Bronx County, under New York Criminal Procedure Law § 440.10 on the grounds that (1) the court failed to advise him of the conflict of interest inherent in being represented by co-defendant's counsel and (2) his counsel was ineffective for failing to advise him of the potential immigration consequences of his guilty plea.  (Affirmation in People v. Fernandes, SCI No. 2465/95, dated March 15, 2011, attached as part of Exh. I to Guttlein Aff.).  The motion was denied on September 28, 2011 (Decision & Order in People v. Fernandes, SCI NO. 2465/05, dated Sept. 28, 2011, attached as Exh. K to Guttlein Aff.), and the Appellate Division, First Department, denied leave to appeal.  (Certificate Denying Leave in People v. Fernandes, No. M-5088, dated Jan. 12, 2012, attached as Exh. L to Guttlein Aff.).

On April 5, 2011, while the motion to vacate was pending in state Supreme Court, a criminal complaint was filed against Mr. Fernandes in the United States District Court for the Southern District of New York, accusing him of illegally entering the United

States, in violation of 8 U.S.C. § 1326(a) and (b)(2).  (<u>United States v. Fernandez</u>, 11 Cr. 391, Docket no. 1).  This federal criminal case is still pending, and Mr. Fernandes is currently in the custody of the Federal Bureau of Prisons (the "BOP") and detained at the Metropolitan Correctional Center.  (Chamoy Decl., ¶ 14).

On April 10, 2012, Mr. Fernandes filed the instant petition challenging his 1995 conviction on the ground that his attorney's failure to inform him of the potential immigration consequences of his guilty plea constituted ineffective assistance of counsel under <u>Padilla v. Kentucky</u>, __ U.S. __ , 130 S. Ct. 1473 (2010).  The respondents move to dismiss the petition for lack of jurisdiction and failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The petitioner opposes the motion, or, in the alternative, requests that his petition be considered a petition for writ of habeas corpus under 28 U.S.C. § 2254.

<u>Discussion</u>

    A.   <u>Writ of Error Coram Nobis</u>

The All Writs Act "empowers the federal courts to issue writs of error <u>coram nobis</u> but only such as are 'necessary or appropriate in aid of their jurisdiction and agreeable to the uses and principles of law.'"  <u>Ogunwomoju v. United States</u>, 512 F.3d 69, 75 (2d Cir. 2008) (quoting 28 U.S.C. § 1651(a)); <u>see</u> <u>United States v. Morgan</u>, 346 U.S. 502, 506-07 (1954).  The Act, however, "'does not confer jurisdiction on the federal courts,'"  <u>Finkelstein v.</u>

4

Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) (quoting Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002)), and traditionally the writ of error coram nobis has been used by courts "to correct errors within their own jurisdiction." Ogunwomju, 512 F.3d at 75. Accordingly, the Second Circuit has held that federal courts lack subject matter jurisdiction to issue writs of error coram nobis to set aside judgments of state courts. Finkelstein, 455 F.3d at 134; see Ogunwomoju, 512 F.3d at 75 ("We have held that federal courts lack jurisdiction to grant such writs with respect to state court judgments.").

The petitioner contends that this jurisdictional limit does not apply to his case because he is alleging an ineffective assistance of counsel claim based on Padilla. (Affirmation of Jorge Guttlein dated Sept. 11, 2012 ("2d Guttlein Aff."), ¶ 4). He relies on Medina v. United States, Nos. 12 Civ. 238, 86 Cr. 238, 2012 WL 742076 (S.D.N.Y. Feb. 21, 2012), to argue that a petition for writ of error coram nobis is the appropriate vehicle for raising such a claim when the petitioner is no longer in custody. (2d Guttlein Aff., ¶ 4). However, the petitioner in Medina was attacking a prior federal criminal conviction in federal court and thus the federal court's jurisdiction was not at issue. Here, Mr. Fernandes is attacking his state criminal conviction in federal court. In Camara v. New York, No. 11 Civ. 8235, 2012 WL 3242697, at *4 (S.D.N.Y. Aug. 9, 2012), the court held that it had no jurisdiction to issue a writ of error coram nobis because the petitioner's conviction took place in state court, notwithstanding

5

the fact that he was alleging a claim under Padilla.  The court advised that if the petitioner wished to obtain a writ of error coram nobis, he must do so in state court.  Id.; see also Gurdon v. Bridgeport County Connecticut, No. 3:12cv907, 2012 WL 351841, at *1 (D. Conn. Aug. 15, 2012) (holding that court lacked jurisdiction to entertain writ of error coram nobis attacking state court conviction based on Padilla); Gonzalez-Cervantes v. Napolitano, No. 1:10-CV-510, 2010 WL 4813564, at *2 (E.D. Cal. Nov. 19, 2010) (same, and noting "if Petitioner seeks extraordinary relief by way of a petition for a writ of error coram nobis, his petition must be brought before the state court in which he suffered his conviction").  Accordingly, I recommend dismissing the petition for lack of jurisdiction.[1]

    B.    Writ of Habeas Corpus

The petitioner requests, in the alternative, that his application be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a) (emphasis added); Finkelstein, 455 F.3d at 133 ("This provision 'requir[es] that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time

---

[1] Since I recommend dismissal based on lack of jurisdiction, I need not address whether Mr. Fernandes states a claim upon which relief can be granted, namely whether Padilla is retroactive and applies to him.  Moreover, because the United States Supreme Court has recently heard oral argument in Chaidez v. United States, No. 11-820, which addresses the retroactivity of Padilla, it would not be prudent for me to rule on the issue at this time.

his petition is filed.'" (alteration in original) (quoting <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989))). Mr. Fernandes concedes that at the time he filed the instant petition he was no longer "in custody" under his 1995 conviction; his sentence had long since expired. (2d Guttlein Aff., ¶ 5). Instead, he contends that because he continues to suffer "dire immigration consequences" from his 1995 conviction, he is still "in custody" for the purposes of § 2254. (2d Guttlein Aff., ¶ 5). The court rejected this argument in <u>Camara</u>, explaining that "'[o]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" 2012 WL 3242697, at *3 (quoting <u>Maleng</u>, 490 U.S. at 492) (detention at immigration facility does not satisfy § 2254(a)'s "in custody" requirement); <u>see also</u> <u>Ogunwomoju</u>, 512 F.3d at 75 (same).

Mr. Fernandes also argues that he meets the "in custody" requirement because he is in the custody of the BOP awaiting trial for the federal criminal charges that are predicated on his 1995 conviction. However, once a petitioner completes the sentence of the conviction which he is challenging, even if he is facing criminal charges predicated upon that conviction, he is no longer "in custody" for the purposes of § 2254. <u>See</u> <u>Wells v. United States</u>, 826 F. Supp. 2d 446, 447 (N.D.N.Y. 2011) (petitioner challenging state conviction upon which pending federal charge is based does not meet § 2254's "in custody" requirement since he finished serving sentence for state conviction). Accordingly, I

recommend dismissing the petition even if it were deemed filed under § 2254.

Conclusion

For the reasons stated above, I recommend granting the respondents' motion (Docket no. 6) and dismissing Mr. Fernandes' petition. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Leonard B. Sand, Room 1650, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections with preclude appellate review.

Respectfully submitted,

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         November 8, 2012

Copies mailed this date to:

Jorge Guttlein, Esq.
Aranda & Guttlein
291 Broadway, Suite 1500
New York, NY 10007

Noah J. Chamoy, Esq.
Assistant District Attorney
198 East 161st Street
Bronx, NY 10451